**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**DANIEL DAVID JACKTOO HEATH,
# 00067352,**

      **Petitioner,**

**vs.**                                **Case No. 3:19cv1688-LC/CAS**

**DEPARTMENT OF HOMELAND
SECURITY, ICE, and IMMIGRATION
AND NATURALIZATION SERVICES,**

      **Respondents.**
**_____/**

## SECOND REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, initiated this case on June 14, 2019, by

submitting a petition for writ of habeas corpus, ECF No. 1, and a motion

requesting leave to proceed in forma pauperis, ECF No. 2.  Because

Petitioner's motion and financial affidavit revealed that Petitioner had

sufficient funds to pay the filing fee for this case, a Report and

Recommendation was entered recommending that Petitioner be required to

pay the $5.00 filing fee.  ECF No. 4.  That recommendation was adopted

and Petitioner was required to pay the fee.  ECF No. 5.  He has now done

so, ECF No. 6, and the petition, ECF No. 1, has been reviewed.

Petitioner is confined at the Okaloosa County Jail.  ECF No. 1 at 1.

He brings this case against the Department of Homeland Security, and

I.C.E., or as it was previously known, Immigration and Naturalization

Services (the "INS").  *Id.*  Petitioner alleges that by virtue of his marriage,

he became a United States citizen.  *Id.* at 3.  The petition does not allege

that a final order of removal has been entered, *id.*, and it appears that the

only relief requested in this case is to have an immigration hold removed so

that Petitioner can post bond on his pending charges.  *Id.* at 6.

The instant petition was filed pursuant to 28 U.S.C. § 2241(c).

However, a petitioner can only "use a § 2241 petition to challenge custody

alleged to be in violation of the Constitution or laws of the United States."

Louis v. Sec'y, Fla. Dep't of Corr., 524 F. App'x 583, 584 (11th Cir. 2013)

(citing 28 U.S.C. § 2241(c)(3)).  That statute directs that a writ of habeas

corpus cannot extend to a prisoner unless he "is in custody under or by

color of the authority of the United States . . . ."  28 U.S.C. § 2241(c).

"[A]bsent custody by the authority against whom relief is sought, jurisdiction

will not lie to grant the writ."  Gonzales-Corrales v. I.C.E., 522 F. App'x 619,

623 (11th Cir. 2013) (citing Orozco v. U.S.I.N.S., 911 F.2d 539, 541 (11th Cir. 1990)). The Eleventh Circuit has held that "[t]he filing of the detainer,[1] standing alone, did not cause [petitioner] to come within the custody of the INS." Orozco v. U.S.I.N.S., 911 F.2d 539, 541 (11th Cir. 1990); *see also* Roberts v. INS, 372 F. App'x 921, 924 (11th Cir. 2010); Louis, 524 F. App'x at 584 (stating that "[a]n ICE detainer, standing alone, is generally insufficient to establish ICE custody."). Here, Petitioner is held in state custody and is facing state criminal charges. Petitioner has alleged only that a detainer has been issued by I.C.E. Thus, Petitioner is not in federal custody and the petition must be dismissed for lack of jurisdiction.

---

[1] "An immigration detainer 'serves to advise another law enforcement agency that the Department [of Homeland Security ('DHS') ] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien' and 'is a request that such agency advise the [DHS], prior to release of the alien, in order for the [DHS] to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.'" 8 C.F.R. § 287.7(a) (quoted in Themeus v. U.S. Dep't of Justice, No. 15-13240, 2016 WL 537397, at *3 (11th Cir. Feb. 11, 2016)).

It is respectfully **RECOMMENDED** that the petition for a writ of

habeas corpus, ECF No. 1, filed pursuant to 28 U.S.C. § 2241, be

**DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on September 3, 2019.


S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**